UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Margurite Mary Cofell, | Case No. 22-cv-2895 (JRT/DJF) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| United States of America, | |
| Respondent. | |

Petitioner Margurite Mary Cofell filed a petition for a writ of habeas corpus asking the Court to direct the Federal Bureau of Prisons ("BOP") to properly apply her First Step Act ("FSA") time credits to her sentence and transfer her from prison to home confinement ("Petition") (ECF No. 1). The Petition is before the Court on initial review pursuant to Rule 4 of The Rules Governing Section 2254 Cases in the United States District Courts.[1] For the following reasons, the Court recommends dismissing the Petition for failure to state a cognizable habeas claim.

In December 2019, Ms. Cofell pleaded guilty in the United States District Court for the District of Minnesota to credit union fraud in violation of 18 U.S.C. § 1344. *See United States v. Cofell*, Case No. 19-cr-47-WMW (D. Minn.) (ECF No. 12). She received a 96-month term of imprisonment, which she is currently serving at the Federal Correctional Institution in Waseca, Minnesota ("FCI-Waseca"), and a 5-year term of supervised release. (*Id.* at ECF No. 50.) Ms. Cofell has twice requested compassionate release. (*Id.* at ECF Nos. 56, 79.) The court denied her motions both times. (*Id.* at ECF Nos. 78, 84.)

---

[1] Although Ms. Cofell's habeas petition is not brought pursuant to 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases may be applied to her petition. *See* Rule 1(b).

1

Ms. Cofell makes two claims in her Petition. First, she alleges the BOP failed to properly calculate her FSA credits. Ms. Cofell specifically claims she is entitled to 12 months of FSA credits, which, if applied correctly, means she is entitled to immediate release because she has served 50% of her sentence (ECF No. 1 at 6). Second, Ms. Cofell alleges if the BOP properly calculated her FSA credits she would qualify for immediate release to home detention under the CARES Act. (*Id.*) She requests immediate release to home detention on that ground. (*Id.* at 7.)

Ms. Cofell's petition invokes two interrelated statutory schemes. The FSA allows federal prisoners to earn credit against their sentences for participating in "evidence-based recidivism reduction programs or productive activities." 18 U.S.C. § 3632(d)(4)(A). The application of a prisoner's FSA credits towards her pre-release custody or supervised release is governed by 18 U.S.C. § 3624(g). *See generally* 18 U.S.C. § 3632. The court sentenced Ms. Cofell to a term of supervised release after her imprisonment. Section 3624(g)(3) thus applies. This provision states that: "[T]he Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under section 3632." 18 U.S.C. § 3624(g)(3).

According to the public-facing BOP inmate locator website, Ms. Cofell's projected release date is November 7, 2025. *See* Find an Inmate, https://www.bop.gov/inmateloc/ (last accessed Jan. 23, 2023). This information is consistent with the information she received in response to the final appeal of her grievance regarding the application of FSA credits towards her sentence, which explained that "[r]ecords reflect that [she] has earned the maximum of 365 days of FTC towards release…. [C]urrent projected release date, *with this credit applied*, is November 7, 2025." (ECF No. 1-1 at 2) (emphasis added.) Ms. Cofell is thus correct that she earned 12 months of FSA

2

credits, making her eligible for supervised release one year earlier than originally scheduled—the maximum allowed by law. 18 U.S.C. § 3624(g)(3).

Ms. Cofell is incorrect, however, when she asserts the correct application of her FSA time credits allows for her immediate release because she "will have served over 50% of [her] sentence[.]" (ECF No. 1 at 6.) Ms. Cofell cites no basis in law, and the Court can find no basis in law, to support her position that she becomes eligible for release after serving 50% of her original 96-month prison term.

Ms. Cofell's legal argument is difficult to discern, but as far as the Court can tell, when Ms. Cofell argues that she is entitled to release after serving 50% of her sentence she is referring to good conduct time ("GCT"). But under the First Step Act of 2018, a prisoner may earn up to 54 days of GCT for each year of imprisonment, meaning an eligible prisoner would ultimately serve 85% of her original sentence—not 50% as Ms. Cofell asserts. Pub. L. No. 115-391, 132 Stat. 5194, 5210 (2018). Although pro se pleadings are to be liberally construed, "they must still allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). As Ms. Cofell does not ground her assertion that she is entitled to a 50% reduction in her original sentence in any law or factual allegations[2] this claim fails.

Petitioner's second claim is that if the BOP applied her FSA credits properly, she would immediately qualify for release to home detention pursuant to the CARES Act. (ECF No. 1 at 6). The CARES Act modified 18 U.S.C. § 3624(c)(2) by lengthening the amount of time a prisoner could be placed on home confinement. *See* Coronavirus Aid, Relief and Economic Security ("CARES") Act, H.R. 748, 116th Cong. § 12003(b)(2) (2020). The Attorney General issued

---

[2] To the extent Ms. Cofell claims she is entitled to *home confinement* because she has served 50% of her original sentence after her FSA credits are properly applied, this claim similarly fails because home confinement is a *place* of confinement. *See United States v. Houck,* 2 F.4th 1082, 1085 (8th Cir. 2021). Such claims are not cognizable as habeas claims.

directives on March 26, 2020 and April 3, 2020, "for the BOP to review all inmates with COVID-19 risk factors as described by the Centers for Disease Control and Prevention ("CDC") to determine which inmates are suitable for home confinement." *Wolf v. Fikes*, 22-cv-194-PJS-BRT, 2022 WL 4239095, at * 2 (D. Minn. Aug. 16, 2022). The CARES Act thus "expanded the potential opportunities for home confinement." *Id.*

Ms. Cofell claims she qualifies for immediate release to home detention under the CARES Act because her recidivism and security risk levels are both minimum, she has no disciplinary record and no history of violence, and her age and medical history place her at high risk of death or serious complications if she contracts COVID-19 (ECF No. 1 at 6). While it is clear Ms. Cofell exhausted the grievance procedure regarding the application of FSA credits to her sentence, it is not clear whether she specifically grieved her request for home confinement under the CARES Act. Nor is it clear whether, if Ms. Cofell grieved her CARES Act request, she exhausted the grievance procedure. Generally, failure to exhaust administrative remedies is grounds to deny habeas claims. *See Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993) (affirming dismissal of habeas claim where petitioner did not first exhaust administrative remedies).

Moreover, Ms. Cofell's second claim would not be cognizable under habeas even if she had established administrative exhaustion. A habeas petitioner may challenge only the fact or duration of her confinement. *Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). But in requesting release to home confinement, Ms. Cofell is not challenging the fact or duration of her confinement; she is requesting to be transferred to home confinement, which the courts consider a *place* of confinement. *See United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) (discussing home confinement as a place of confinement); *see also Williams*, 2021 WL 4155614, at *6 ("Being transferred to home

confinement is not a 'release' for incarceration."). Because Ms. Cofell is not challenging the legality of her detention—that is, the fact or duration of her confinement—her petition for a writ of habeas corpus is not a viable vehicle for challenging the alleged violation of her rights.[3] *See Jorgensen v. Birkholz*, 20-cv-2349-NEB-DTS, 2021 2935641, at *1 (D. Minn. July 13, 2021).

Furthermore, as courts in the District of Minnesota have repeatedly held, the BOP has exclusive authority to determine the placement of prisoners under 18 U.S.C. § 3624(c)(2), including their placement on home confinement. *See Garcia v. Eischen*, 22-cv-444-SRN-BRT, 2022 WL 4084185, at *2 (D. Minn. Aug. 16, 2022) (collecting cases). "[I]t is the BOP—not the courts—who decides whether home detention is appropriate." *Williams v. Birkholz*, 20-cv-2190-ECT-LIB, 2021 WL 4155614, at *3 (D. Minn. July 20, 2021), *report and recommendation adopted*, 2021 WL 4155013 (D. Minn. Sept. 13, 2021). Although the CARES Act authorizes the BOP to place prisoners on home confinement for more time than was previously permitted under § 3624(c)(2), *see* CARES Act, H.R. 748, 116th Cong. § 12003(b)(2) (2020), nothing in that legislation—or the Attorney General's directives to the BOP in March and April 2020—*required* the BOP to place any specific prisoner in home confinement. Put another way, the CARES Act and subsequent directives did nothing to change the BOP's exclusive authority to determine the placement of prisoners. *See, e.g.*, 18 U.S.C. § 3624(c)(2); *United States v. James*, 15-cr-255-SRN, 2020 WL 1922568, at *2 (D. Minn. Apr. 21, 2020); *United States v. Kluge*, 17-cr-61-DWF, 2020 WL 209287, at *4 (D. Minn. Jan. 14, 2020). Courts, moreover, "have consistently held that placement questions are not reviewable." *United States v. Vang*, 16-cr-277-DWF-KMM, 2020

---

[3] It is worth noting, moreover, that "it is [] well established that prisoners do not have a constitutional right to placement in a particular facility or place of confinement." *United States v. James*, 15-CR-255-SRN, 2020 WL 1922568, at *2 (D. Minn. Apr. 21, 2020).

5

WL 4704875, at *2 (D. Minn. Aug. 13, 2020). The Court recommends dismissing Ms. Cofell's habeas petition for these reasons.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT** Petitioner Margurite Mary Cofell's petition for habeas corpus relief under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED**.

Dated: January 30, 2023            *s/ Dulce J. Foster*
                                   Dulce J. Foster
                                   United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).